**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**ANNA MARTINEZ,**

      **Plaintiff,**

**v.**                                                                **No. 1:11-cv-00145 WPL/WDS**

**NEW MEXICO DEPARTMENT OF CORRECTIONS,
WILLIE MARQUEZ and JOE WILLIAMS,
In Their Individual Capacities,**

      **Defendants.**

## STIPULATED CONFIDENTIALITY ORDER

      To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority and with the consent of the parties, it is HEREBY ORDERED:

      1.    This Confidentiality Order governs the handling of documents, materials, tangible things or other information disclosed by the New Mexico Corrections Department ("NMCD") in discovery in this action, when those items are designated "Confidential Material" in accordance with the procedures herein.

      2.    The terms "document" or "documents" shall have the same meaning given under Rule 34, Federal Rules of Civil Procedure and shall include electronic documents.

      3.    "Confidential Material" shall mean documents or information that is in the possession of NMCD as to which a claim of privilege is asserted by NMCD, but which is not stipulated or conceded by Plaintiff, including but not limited to:

            A.    Documents and information privileged under the federal and state

constitutions regarding an individual's right to privacy. Whalen v. Roe, 429 U.S. 589 (1977); Mangels v. Pena, 789 F.2d 836 (10th Cir. 1986); State of New Mexico *ex rel.* Newsome v. Alarid, 90 N.M. 790 (1977); State of New Mexico *ex rel.* Barber v McCotter, 106 N.M. 1 (1981), Cox v. Roskelley, 359 F.3d 1105 (9th Cir. 2004).

   B. Documents and information privileged under executive privilege. State of New Mexico *ex rel.* Attorney General v. First Judicial District Court, 96 N.M. 254 (1981).

   C. Documents and information contained in letters or memoranda which are matters of opinion in personnel files and are privileged under Section 14-2-1 NMSA, State of New Mexico *ex rel.* Newsome v. Alarid, supra, and State of New Mexico *ex rel.* Barber v. McCotter, supra and Cox v. Roskelley, supra.

   D. Documents and information which are letters of reference concerning employment and are privileged under Section 14-2-1(A)(2) NMSA, State of New Mexico *ex rel.* Newsome v. Alarid, supra.

   E. Documents and information which are kept confidential and are protected by the attorney-client privilege and the attorney work-product doctrine including internal administrative investigations by NMCD, including SIIA investigations, and/or other investigations conducted at NMCD's request. .

  4. There are confidential/privileged documents which NMCD maintains are not covered by this Order and which have not been produced. After conferring in good faith, as required in the Federal Rules of Civil Procedure, if production of documents is withheld, any party may file a Motion to Compel, as necessary, pursuant to the rules.

  5. NMCD may designate as "Confidential Material" any such material, produced after entry of this Order, that it reasonably and in good faith believes is Confidential Material or

constitutes confidential, private, or similarly protected information under applicable statutory or common law.

6. A "Stamped Confidential Document" shall mean any document which on its face states "Confidential" or bears the following legend:

> Confidential Material - Subject to Stipulated Confidentiality Order in
> USDC No. 1:11-cv-00145 WPL/WDS

Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a Stamped Confidential Document, but, to the extent feasible, shall be prepared in such a manner that the Confidential Material is bound separately from material not entitled to protection.

7. <u>Nondisclosure of Stamped Confidential Documents</u>. Except as provided in paragraph 8 below, or with the prior written consent of the NMCD, no Stamped Confidential Document or the substance or any part thereof may be disclosed to any person, except as provided below.

8. <u>Permissible Disclosures</u>. A Stamped Confidential Document may be disclosed to:

    A. Counsel for the parties in this action who are actively engaged in the conduct of this litigation and their clients. The clients are required to sign Exhibit A prior to receipt of any Stamped Confidential Documents;

    B. The partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

    C. A deponent in this case, in accordance with Paragraph 11(A), who shall be required to sign Exhibit A prior to receipt of any Stamped Confidential Document. However, the signature requirement does not apply to deponents who are former or current employees of DPS;

  D. Experts retained by counsel for the parties to the action, whether engaged as consultants or as testifying experts, who have signed Exhibit A;

  E. Court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master or other person appointed by the Court).

  9. <u>Other Disclosures</u>.  If Plaintiff's counsel wishes to disclose any Stamped Confidential Document or the substance thereof to any person not described in paragraph 8 of this Order, prior permission to so disclose must be requested from NMCD in writing.  If NMCD objects to the proposed disclosure, no such disclosure shall be made unless the Court, upon application by Plaintiff, orders otherwise.  However, NMCD may disclose its own Confidential Material without regard to this Confidentiality Order, unless prohibited under an existing order to do so.

  10. <u>Declassification</u>.  Plaintiff's counsel may, at any time after production of material designated as confidential under this Order, object to such designation by notifying NMCD in writing of that objection, the basis therefor and specifying the designated material to which the objection is made.  The parties shall, within ten (10) days of service of the written objections, confer concerning the objection.  If the objection is not resolved, Plaintiff's counsel shall, within fifteen (15) days of the conference, file and serve a motion to resolve the dispute over the designation of the material.  Once a motion is filed by Plaintiff, NMCD shall bear the burden of persuasion as to the confidentiality designation challenged.  If no such motion is filed within the stated time period, the material will remain subject to the protection of this Order.  If a motion is filed, information subject to dispute shall, until further order of the Court, be treated consistently with its designation.

      11.      <u>Confidential Information in Depositions</u>.

      A.      A deponent may, during the deposition, be shown and examined about a Stamped Confidential Document if the provisions of paragraph 8 have been complied with and the deponent has signed a copy of Exhibit A. However, the signature requirement does not apply to deponents who are former or current employees of NMCD. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 8 attached as Exhibit A. A deponent who is not a party or representative of a party shall be furnished a copy of this Order before being examined about, or asked to produce, potentially confidential documents.

      B.      NMCD may, at any time within 15 days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript shall be designated as such by underlining the portions of the pages that are confidential and marking such pages with the legend described in paragraph 5. Until expiration of the 15-day period, the entire deposition will be treated as subject to protection against disclosure under this Order. If NMCD or a deponent does not timely designate confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

      12.      <u>Confidential Information at Trial</u>. Subject to the Federal Rules of Evidence, a Stamped Confidential Document may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives ten (10) days' advance notice to all parties to this litigation. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered

evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

13. <u>Subpoena by Other Courts or Agencies</u>.  If another court or an administrative agency subpoenas or orders production of a Stamped Confidential Document that plaintiff has obtained under the terms of this Order, plaintiff shall promptly notify NMCD of the pendency of such subpoena or order.

14. <u>Filing</u>.  A Stamped Confidential Document need not be filed with the clerk except when required in connection with pre-trial motions under the Federal Rules of Civil Procedure or in connection with other matters pending before the Court.  If filed, such documents shall be filed under seal and shall remain sealed while in the office of the clerk so long as they retain their status as Stamped Confidential Documents.

15. <u>Use</u>.  Persons obtaining access to Stamped Confidential Documents under this Order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

16. <u>Non-Termination</u>.  The provisions of this Order shall not terminate at the conclusion of this action.  Within 120 days after final conclusion of all aspects of this litigation, any Stamped Confidential Document and all copies of same including exhibits of record shall be returned to NMCD or, at the option of the producer (if it retains at least one copy of the same), shall be destroyed.  Counsel of record shall make written certification of compliance herewith and shall deliver the same to counsel for NMCD not more than 150 days after final termination of this litigation.

17.     Modification Permitted. Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

18.     Responsibility of Attorneys. The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of any Stamped Confidential Documents. Parties shall not duplicate any Stamped Confidential Document except working copies and copies for filing in court under seal.

19.     Documents which are not confidential. Documents in Plaintiff's possession obtained from somewhere other than production by NMCD in this case will not be treated as confidential. Plaintiff will allow NMCD to review and copy the documents obtained from any other source. If Plaintiff obtains documents from any other source after the execution of this Confidentiality Order, Plaintiff will advise NMCD within thirty (30) days and will allow NMCD to review and copy the documents obtained.

20.     No Waiver.

    A.     Review of Confidential Material by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the material.

    B.     The inadvertent, unintentional, or in camera disclosure of Confidential Material or privileged and work product documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of claims of privilege or confidentiality by NMCD, plaintiff or any other person or entity. In particular, if during the course of producing documents by any party to any party, any Confidential Material, privileged or work product document is inadvertently included in the documents produced, any party, upon discovery of the inadvertent production, shall immediately, but in no event more than 15 days following discovery

of the inadvertent disclosure, request return of the Confidential Material or other material and all such material originally produced will be returned to the producing party. Additionally, the party in possession of such documents shall certify in writing the destruction of all copies of such documents and any other documents reflecting the information in them. If the inadvertent or unintentional disclosure is a Stamped Confidential Document, the producing party shall provide substitute documents bearing the proper legend at the same time request is made for return of the inadvertently produced documents.

   C. In the event Counsel of record herein reasonably believes that any one of them has inadvertently been provided with Confidential Material, Counsel shall so advise all other Counsel.

   21. *Reservation of Rights*. Nothing contained in this Confidentiality Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the Confidential Material or to object to the production of any documents or information based upon work product or any other privilege or doctrine.

            W. DANIEL SCHNEIDER
            UNITED STATES MAGISTRATE JUDGE

Dated: August 18, 2011

STIPULATED:

CUDDY & MCCARTHY, LLP

By: *Electronically Filed August 18, 2011*
   M. KAREN KILGORE
   Attorneys for Defendants
   Post Office Box 4160
   Santa Fe, New Mexico 87504-4160
   (505) 988-4476

and

*Approved Via Email August 17, 2011*
RICHARD ROSENSTOCK, Esq.
Attorney for Plaintiff
1121 Paseo de Peralta
Santa Fe, New Mexico 87501
(505) 988-5324**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**ANNA MARTINEZ,**

    **Plaintiff,**

**v.**                                                                                      **No. 1:11-cv-00145 WPL/WDS**

**NEW MEXICO DEPARTMENT OF CORRECTIONS,
WILLIE MARQUEZ and JOE WILLIAMS,
In Their Individual Capacities,**

    **Defendants.**

**CONFIDENTIALITY ACKNOWLEDGMENT**

I, _____, hereby declare:

I have read and understand the Confidentiality Order to which this Exhibit A is attached and I attest to my understanding that access to Confidential Material, including Stamped Confidential Documents, may be provided to me and that such access is pursuant to the terms and conditions of the Confidentiality Order.

I hereby agree to be bound by the terms of the Confidentiality Order and submit to the jurisdiction of this Court for the purposes of enforcement of this Confidentiality Acknowledgment and the Confidentiality Order and sanctions which may be imposed by the Court for violation of the Order.  I shall not use or disclose to others, except in accordance with the terms of the Confidentiality Order, any Confidential Material.

Date:

Print Name:

Signature:

Address.

Representing:

**EXHIBIT A**